made by him for the support of the child alleged to have been abandoned and neglected under the terms of the divorce decree obtained by his wife in 1943.

This testimony was not controverted by the state.

Though the charge of neglect and failure to support a child is of a continuous nature, the state having alleged the offense to have been committed on the specific date of September 25, 1950, and it being undisputed that appellant was not then, and had not been for several months prior thereto, in the State of Oklahoma, appellant could not be said to have fled from the State of Oklahoma and is not therefore a fugitive from justice. See Ex parte Hogue, 112 Tex.Cr.R. 495, 17 S.W.2d 1047; Ex parte Barrow, 152 Tex.Cr.R. 155, 211 S.W.2d 753.

The judgment of the trial court is reversed and appellant is ordered discharged.

Opinion approved by the Court.

None on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for the sale of liquor in a dry area, with a fine of $100.

The record in this appeal contains neither a statement of facts nor bill of exception. All proceedings appear regular and nothing is presented for review.

The judgment is affirmed.

## SHACKLEY v. STATE.
### No. 25121.

Court of Criminal Appeals of Texas.

Jan. 24, 1951.

Rehearing Denied March 14, 1951.

## BLAYLARK v. STATE.
### No. 25205.

Court of Criminal Appeals of Texas.

Feb. 28, 1951.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.